In the Matter of AMSTEL RECYCLING & CONCRETE CORP. et al., Appellants, v CITY OF NEW YORK et al., Respondents. [776 NYS2d 272]—

Judgment, Supreme Court, New York County (Michael V. Ajello, J.), entered December 8, 2003, which denied petitioner's application to annul respondent Environmental Control Board's determination that petitioner was operating a non-putrescible solid waste fill material transfer station without a permit, unanimously affirmed, without costs.

It appears that petitioner accepts solid waste into its facility, namely, discarded broken-up concrete, and turns it into smaller pieces of concrete for sale to roadway and construction contractors. Respondent determined that such activity makes petitioner a "transfer station" for which a permit is required. Petitioner argues that such determination is contrary to the definition of transfer station in Administrative Code of the City of New York § 16-130 (a) (5). That provision defines a "non-putrescible solid waste transfer station" as "any structure, building or other premises . . . at which only non-putrescible solid waste is received for the purpose of subsequent transfer to another location, regardless of whether such non-putrescible solid waste is subject to any processing or reduction in volume at such structure, building or premises." In addition, "solid waste" is

defined as "all putrescible and non-putrescible materials or substances . . . that are discarded or rejected . . . includ[ing] recyclable materials" (Administrative Code § 16-130 [a] [1]); "non-putrescible solid waste" is defined as including concrete (Administrative Code § 16-130 [a] [3]; *see also* 16 RCNY 4-01 [defining, inter alia, "(f)ill material transfer station"]); and "[r]ecyclable materials" are defined as "solid waste that may be separated, collected, processed, marketed and returned to the economy in the form of raw materials or products" (Administrative Code § 16-303 [i]). Respondent's determination is based on a finding that petitioner's transformation of discarded broken-up concrete into salable smaller pieces of concrete is "processing" that, while changing the size and volume, and therefore the value and marketability, of the concrete it receives, does not change its nature as solid waste. Such determination involves application of special expertise in the field of sanitation to interpret statutory language, and is therefore entitled to deference as long as it does not run counter to the plain meaning of the above definitions (*see Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98, 102-103 [1997]). It does not. We have considered petitioners' other contentions and find them unavailing. Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.